20-1788-cv
*Aaronson et al. v. Kellogg Company*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          RICHARD J. SULLIVAN,
                    *Circuit Judges.*

---

GLENN AARONSON, MQ DISTRIBUTION LLC,
MR. SNACK HAT LLC, DAVID DECILLA, LD COOKIE
CORP., RICARDO RAMSOOMAIR, HSIU FANG LAU,
JOHN CASTLES, JOSEPH MCSWEENEY, AND TJF
SNACKS, LLC.,

|                          |              |            |
|--------------------------|--------------|------------|
| *Plaintiffs-Appellants,* |              | 20-1788-cv |
| v.                       |              |            |

KELLOGG COMPANY,

*Defendant-Appellee.*

---

| FOR PLAINTIFFS-APPELLANTS: | CHRISTOPHER J. GRAY, New York, NY. |
|---------------------------|------------------------------------|
| FOR DEFENDANT-APPELLEE:   | DANIEL J. WEISS, Dean N. Panos (Chicago), Noah B. Bokat-Lindell (New York)(*on the brief*), Jenner & Block LLP. |

1

Appeal from a May 14, 2020 judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Glenn Aaronson, MQ Distribution LLC, Mr. Snack Hat LLC, David DeCilla, LD Cookie Corp., Ricardo Ramsoomair, Hsiu Fang Lau, John Castles, Joseph McSweeney, and TJF Snacks, LLC (collectively, "Plaintiffs"), former subdistributors of snack products manufactured by Defendant-Appellee Kellogg Company ("Kellogg"), appeal a May 14, 2020 judgment of the District Court dismissing Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). The FAC alleged claims against Kellogg under New York state law for breach of fiduciary duty, constructive fraud, negligent misrepresentation, unjust enrichment, and quantum meruit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Plaintiffs challenge only the dismissal of their claims for breach of fiduciary duty, constructive fraud and negligent misrepresentation, in addition to a purported claim for fraudulent concealment.

We "review *de novo* the grant of a motion to dismiss pursuant to Rule 12(b)(6)." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018). Although we must "accept[] the factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiffs' favor," *id.*, a complaint cannot survive a motion to dismiss unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

At the threshold, we note that no claim for fraudulent concealment was properly before the District Court and therefore no such claim is before us on appeal. Plaintiffs first asserted this claim in opposition to Kellogg's motion to dismiss, and it is neither explicitly nor implicitly pleaded in the FAC. "[A] party is not entitled to amend its complaint through statements made in motion papers," *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998), and the District Court did not authorize an amendment to add a fraudulent concealment claim. As Plaintiffs have not validly asserted a fraudulent concealment claim in this action, we need not consider the parties' arguments as to its merits.

Plaintiffs' claims for breach of fiduciary duty, constructive fraud, and negligent misrepresentation all depend on the theory that Kellogg had a secret plan (which, Plaintiffs assert, Kellogg actionably failed to disclose to them) to change its snack-distribution model to Plaintiffs' detriment. As the District Court correctly held, the FAC contains no non-conclusory allegations

2

suggesting that such a secret plan existed. Indeed, Plaintiffs themselves cite as evidence of the secret plan documents *publicly* filed in court records years before the plan was allegedly executed. In any event, as the District Court also correctly ruled, Plaintiffs failed to plausibly allege that they had a confidential or fiduciary relationship with Kellogg (as required to state claims for breach of fiduciary duty and constructive fraud[1]) or that they otherwise had a "special" relationship with Kellogg (as required to state a claim for negligent misrepresentation[2]). Indeed, the FAC is devoid of allegations that Kellogg ever communicated directly with sub-distributor Plaintiffs Ramsoomair, Lau, Castles, McSweeney, and TJF Snacks. As to the other Plaintiffs, the FAC describes long-standing but ordinary arms-length business dealings with Kellogg that involved neither privity of contract nor a relationship approximating privity; such allegations do not plausibly support the inference of a special relationship.[3] We therefore affirm the District Court's dismissal of Plaintiffs' claims for breach of fiduciary duty, constructive fraud, and negligent misrepresentation.

---

[1] The elements of a claim for breach of fiduciary duty under New York law are: (1) the existence of a fiduciary duty, (2) a knowing breach of that duty; and (3) damages. *See Spinelli v. Natl'l Football League*, 903 F.3d 185, 207 (2d Cir. 2018). The elements of a claim for constructive fraud under New York law are (1) misrepresentation or concealment of material fact, (2) a fiduciary or confidential relationship warranting the trusting party to repose confidence in the defendant and relax ordinary care and vigilance, (3) justifiable reliance, and (4) damages. *See Levin v. Kitsis*, 920 N.Y.S.2d 131, 135 (2d Dep't 2011).

[2] The elements of a claim for negligent misrepresentation under New York law are (1) a duty in the defendant, as the result of a special relationship, to give correct information; (2) a false representation that the defendant knew of should have known to be incorrect; (3) the defendant's knowledge that the plaintiff wanted the information supplied for a serious purpose; (4) the plaintiff's intent to rely upon the information; (5) reasonable reliance; and (6) damages. *See Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012).

[3] *See Spinelli*, 903 F.3d at 207 ("[W]hen parties deal at arms length . . . no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances."); *see also Anschutz Corp.*, 690 F.3d at 114 ("New York strictly limits negligent misrepresentation claims to situations involving actual privity of contract between the parties or a relationship so close as to approach that of privity.") (internal quotation marks omitted).

## CONCLUSION

We have reviewed the remaining arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 14, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk